The opinion of the Court was delivered by
Fenner, J.
Plaintiff, as heir of her mother, Mrs. Zaratin, sues the defendants, as representative of the late hanking firm of Pike, Brother & Co., for a deposit of $3,297.94, made on the 23d of October, 1872.
She produces her mother’s hank hook, which contains hut one entry, to-wit: the credit of the deposit aforesaid, made by the hank, and the correctness of which is not disputed.
The defendants plead the prescription of three years from the date of the credit. This plea is manifestly untenable. The irregular deposit of a customer with a banker, even if classed as a loan for consumption, under C. C. 2941, is yet controlled by the implied convention of the parties, and is modified by the clear, legal understanding that the money will he paid only on the demand of the depositor.
The demand for payment is an integral and essential part of the unT dertaking, and the depositor’s right of action does not come into existence until after such demand has been properly made,
*578 Prescription does not begin to run until after a right of action has accrued. Sims vs. Bean, 10 A. 346; Pool vs. Fontelien, 26 A. 613; Morse on Banks and Banking, pp. 40, 41, and numerous authorities there cited.
In this case, demand and refusal to pay occurred but a short time before the institution of the suit.
Defendants’ answer admits the deposit, but avers “ that the deposit so made by her has been checked out and withdrawn, with the exception of one dollar,” which they tender and consign in court.
In other words, the defendants admit the debt to have once existed, but plead payment on the checks of the depositor.
Defendants produce twelve checks, aggregating $474, and allege that other checks, for the balance due, existed, but are lost.
They offered in evidence the books of the banking firm, which were rejected, and the correctness of this ruling is presented to us on bill of exceptions. We think the ruling was correct.
Our Code expressly provides, that “ the books of merchants cannot be given in evidence in their favor.” C. C. 2248.
Defendants’ firm was a private, unincorporated commercial partnership, conducting a banking business. They were, unquestionably, merchants within the meaning of the Code, and of the law merchant. Beawes Lex Merc. 23; Abbott’s Law Dic., Verbo, Merchant; Smith’s Merc. Law Bk. 1, Chap. 1.
The defense, as made, is of payment on the depositor’s checks. It could only be established by the production of the checks, or, if lost, by proof of their existence, of their genuineness, of their loss, and of their contents. With the exception of one, hereafter to be adverted to, the evidence fails to establish the existence, genuineness, amount or contents of any particular cheek, and, indeed, it is of the most shadowy and uncertain character, with regard even to the existence of any checks at all other than those produced. The proof of loss of any checks is of the most unsatisfactory sort. It is claimed that they were lost in removing from No. 17 to No. 47 Camp Street. But the proof is, that, prior to the removal, plaintiff had called more than once for a settlement of the account, and had left the bank book with defendants for the purpose of examination, and, after so leaving it, had called and had been asked for further time. The testimony of Mr. Sandidge is particularly clear on this point.
The only weighty evidence in support of the defense is that of Mr. Paul Blanc, a gentleman of undoubted character and integrity, who testifies very positively and circumstantially to having paid to Mrs. Zaratin, in person, one check for a thousand dollars. He was the paying teller and had been in the habit of filling up checks for her *579 when she came to draw money, and all the checks produced except two are proved to have been filled up by him. He must have known her, and his reasons for remembering this particular check are natural and sufficient.
We can discover no ground upon which the jury should have disregarded his testimony, and satisfied, as we are, of its truth, we are compelled to allow defendants the benefit of it.
The claim of plaintiff is undoubtedly surrounded by some circumstances tending to throw doubt upon its correctness. They are not attributable to her, however, and they are not sufficient to establish a presumption of payment, dispensing with the necessity of legal proof. All these circumstances have been appreciated on two trials, first before the judge, and then before a jury, and in both cases they have been discarded as insufficient to support the defense. We do not feel authorized to reverse their finding on such a question.
It is, therefore, ordered, that the judgment appealed from be amended by reducing the amount thereof from $2,823.94 to $1,823.94, and by reducing proportionally the virile shares of the defendants not condemned in solido, and that, as thus amended, the same be affirmed, appellee to pay costs of this appeal.
Levy, J., absent.